No. 17-50154

# In the United States Court of Appeals for the Fifth Circuit

Whole Woman's Health; Brookside Women's Medical Center, P.A., doing business as Brookside Women's Health Center and Austin Women's Health Center; Lendol L. Davis, M.D.; Alamo City Surgery Center, P.L.L.C., doing business as Alamo Women's Reproductive Services; Nova Health Systems, Incorporated, doing business as Reproductive Services,

*Plaintiffs-Appellees,*

*v.*

Doctor John Hellerstedt, M.D.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division

## RESPONSE TO APPELLEES' MOTION TO DISMISS AND CROSS-MOTION TO EXPEDITE ORAL ARGUMENT

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Scott A. Keller
Solicitor General
scott.keller@oag.texas.gov

Beth Klusmann
Assistant Solicitor General

Counsel for Defendant-Appellant

# Certificate of Interested Persons

No. 17-50154

Whole Woman's Health; Brookside Women's Medical Center, P.A., doing business as Brookside Women's Health Center and Austin Women's Health Center; Lendol L. Davis, M.D.; Alamo City Surgery Center, P.L.L.C., doing business as Alamo Women's Reproductive Services; Nova Health Systems, Incorporated, doing business as Reproductive Services,

*Plaintiffs-Appellees,*

*v.*

Doctor John Hellerstedt, M.D.,

*Defendant-Appellant.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Defendant-Appellant:**
John Hellerstedt

**Counsel for Defendant-Appellant:**
Ken Paxton
Jeffrey C. Mateer
Scott A. Keller (lead counsel)
Beth Klusmann
Nichole Bunker-Henderson
John S. Langley
Craig M. Warner
Todd Lawrence Disher
Office of the Attorney General

**Plaintiffs-Appellees:**

Whole Woman's Health

Brookside Women's Medical Center, P.A., d/b/a Brookside Women's Health
    Center and Austin Women's Health Center

Lendol L. Davis

Alamo City Surgery Center, P.L.L.C., d/b/a Alamo Women's Reproductive
    Services

Nova Health Systems, Inc., d/b/a Reproductive Services

**Counsel for Plaintiffs-Appellees:**

David Brown

Molly Duane

Caroline Sacerdote

Center for Reproductive Rights

Patrick J. O'Connell

Law Offices of Patrick J. O'Connell PLLC

J. Alexander Lawrence

Morrison & Foerster LLP

Stephanie Toti

Jan Soifer (former counsel)

/s/ Scott A. Keller

SCOTT A. KELLER
*Counsel of Record for*
*Defendant-Appellant*

# Table of Contents

Page

Certificate of Interested Persons ............................................................. i

Table of Authorities .......................................................................... iv

Introduction ................................................................................. 1

Statement of Facts ........................................................................... 2

    I.   The Current Lawsuit and Appeal ......................................................... 2

    II.  Senate Bill 8 ........................................................................ 4

Argument in Opposition to Motion to Dismiss ................................................ 6

    I.   The Court Cannot Dismiss the Department's Appeal on the Grounds That It Might Become Moot in Seven Months. ......................... 6

    II.  This Appeal Is Not Moot and May Never Become Moot ....................... 10

    III. Resolution of This Appeal, Not Dismissal, Will Conserve Judicial Resources. ....................................................................... 12

Cross-Motion for Expedited Oral Argument ................................................ 12

Conclusion ................................................................................ 14

Certificate of Conference .................................................................. 14

Certificate of Service ...................................................................... 15

Certificate of Compliance ................................................................. 15

# Table of Authorities

**Page(s)**

## Cases

*Bullfrog Films, Inc. v. Wick*,
  959 F.2d 778 (9th Cir. 1992) ....................................................................9

*City of Pontiac Retired Emps. Ass'n v. Schimmel*,
  751 F.3d 427 (6th Cir. 2014) (per curiam) ................................... 8, 11

*Diffenderfer v. Cent. Baptist Church*,
  404 U.S. 412 (1972) (per curiam) ............................................................8

*Finberg v. Sullivan*,
  658 F.2d 93 (3d Cir. 1980) ........................................................................9

*Fusari v. Steinberg*,
  419 U.S. 379 (1975) ....................................................................................8

*Gomez v. Ill. State Board of Educ.*,
  811 F.2d 1030 (7th Cir. 1987) ...................................................................9

*Gonzales v. Carhart*,
  550 U.S. 124 (2007) ....................................................................................3

*Gozlon-Peretz v. United States*,
  498 U.S. 395 (1991) ....................................................................................9

*Green Party of Tenn. v. Hargett*,
  700 F.3d 816 (6th Cir. 2012) .....................................................................8

*Maryland v. King*,
  133 S. Ct. 1 (2012) ...................................................................................10

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
  734 F.3d 406 (5th Cir. 2013) ..................................................................10

*Planned Parenthood of Se. Pa. v. Casey*,
  505 U.S. 833 (1992) (plurality op.) .........................................................3

*Smithfield Foods, Inc. v. Miller*,
  367 F.3d 1061 (8th Cir. 2004) ..............................................................8-9

*Tex. Med. Providers Performing Abortion Servs. v. Lakey*,
  667 F.3d 570 (5th Cir. 2012) ....................................................................7

iv

*Tidewater Oil Co. v. United States,*
  409 U.S. 151 (1972) ...................................................................... 6

*United States v. Munsingwear, Inc.,*
  340 U.S. 36 (1950) ...................................................................... 10

*Whole Woman's Health v. Hellerstedt,*
  136 S. Ct. 2292 (2016) ............................................................... 3

**Statutes and Rules**

28 U.S.C. § 1292(a) ......................................................................... 6

Tex. Health & Safety Code:
  ch. 697 ................................................................................... 4, 6
  § 697.001 .................................................................................. 4
  § 697.004(a) ............................................................................. 5
  § 697.004(b) ............................................................................. 5
  § 697.005 .................................................................................. 5
  § 697.006 .................................................................................. 5
  § 697.009 .................................................................................. 5

25 Tex. Admin. Code:
  § 1.132(28) ............................................................................... 2
  § 1.136(a)(4)(A)(v) .................................................................... 2
  § 1.132(33) ............................................................................... 2

# INTRODUCTION

Plaintiffs-Appellees ask the Court to dismiss the Department's appeal because it may become moot in seven months due to the enactment of Texas Senate Bill 8 (SB 8). Plaintiffs have identified no precedent authorizing courts of appeals to dismiss an appeal, taken as of right, simply because it may become moot at some time in the future. Such a dismissal would prejudice the Department's right to seek to defend and enforce its existing rules. In all events, this appeal is not moot (as plaintiffs concede), and it may very well not be moot even after SB 8 takes effect. After all, the methods for the respectful disposition of fetal remains in SB 8 are the same as those in the Department's rules at issue in this appeal. Plaintiffs are not entitled to a seven-month moratorium on any challenges to the preliminary injunction of those rules while the parties and district court wait for SB 8's substantially similar requirements to take effect. The Court should deny plaintiffs' motion and reinstate the briefing schedule.

Moreover, there are significant legal issues raised in the Department's appeal that will remain in any litigation over SB 8, namely the appropriate constitutional test to apply to respect-for-life laws and when the State can require the respectful disposition of fetal remains. In short, there is a live, adversarial controversy between the parties on these issues now, and that controversy will not disappear after SB 8 takes effect. Because these legal issues will need to be resolved in any challenge to SB 8, the Court should make every effort to issue a ruling in this appeal prior to any consideration of SB 8 in the district court. To that end, the Department has included a cross-motion to expedite oral argument in this case.

## Statement of Facts

### I.  The Current Lawsuit and Appeal

The Texas Department of State Health Services recently revised its rules regarding the Definition, Treatment, and Disposition of Special Waste From Health Care-Related Facilities. ROA.1162-94. In doing so, the Department "gave great weight to the Legislature's policy objective of ensuring dignity for the unborn." ROA.1162. Consequently, the revised rules specifically define "fetal tissue," ROA.1186 (25 Tex. Admin. Code § 1.132(28)), and authorize three methods by which health care-related facilities may dispose of fetal tissue:

(I)   incineration followed by interment;

(II)  steam disinfection followed by interment; or

(III) interment (which includes cremation).

ROA.1192 (25 Tex. Admin. Code § 1.136(a)(4)(A)(v)); *see also* ROA.1186-87 (25 Tex. Admin. Code § 1.132(33) (defining interment)). Previous methods of disposition that were eliminated included grinding and discharging into a sanitary sewer system as well as several forms of treating fetal tissue "followed by deposition of the residue in a sanitary landfill." ROA.1217 (redline omitted).

In December, plaintiffs filed suit against Dr. John Hellerstedt in his capacity as Commissioner of the Texas Department of State Health Services. ROA.12-29.[1] Relevant here, plaintiffs asserted that the revised rules violated the liberty interests of women to determine how to dispose of fetal tissue following an abortion (an undue-

---

[1] Because Dr. Hellerstedt was sued in his official capacity, this response will refer to the Defendant-Appellant as the Department.

burden claim) and were unconstitutionally vague. ROA.27-28. Plaintiffs obtained a temporary restraining order in December. ROA.428-31. Following a two-day hearing in January, the district court granted plaintiffs' request for a preliminary injunction. ROA.602-25. It is this order that is the subject of the Department's appeal.

The district court made several significant legal rulings in its preliminary-injunction order. First, the court flatly rejected the Department's legal argument regarding the constitutional test for respect-for-life laws. ROA.616. The Department's position is that, unlike health-and-safety regulations, laws aimed at demonstrating respect for unborn life are constitutional if they reasonably further the State's interest in respecting unborn life and do not pose a substantial obstacle to abortion access. *See Gonzales v. Carhart*, 550 U.S. 124, 146 (2007); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 877 (1992) (plurality op.). The district court, however, applied the balancing test of *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2310 (2016), that requires courts to weigh the benefits of a law against its burdens only when evaluating *health-and-safety* abortion regulations. ROA.616, 622.

Second, the district court held that the revised rules did not actually demonstrate respect for unborn life because there is no life left in fetal tissue following an abortion, freezing and commingling fetal tissue is not respectful, and the revised rules did not apply to women who miscarry at home. ROA.617, 619.

Third, the district court appeared to incorrectly place the burden of proof regarding *Casey*'s substantial-obstacle inquiry on the Department. Rather than recognize that plaintiffs' own expert located a vendor that could comply with the revised rules for approximately $2 per patient, ROA.884, 1349, the district court focused on

alleged flaws in the Department's evidence. ROA.619-20. In short, the district court determined that the Department failed to prove that compliance was possible, ROA.621 (evidencing disbelief that demand for disposition services could be met), instead of determining whether plaintiffs proved that compliance would involve a substantial obstacle to abortion access.

The Department has challenged these findings and conclusions, as well as other errors, in its appeal of the district court's order. *See* Appellant's Br. (filed May 30, 2017).

## II.  Senate Bill 8

After the Department took its appeal, the Texas Legislature debated and passed SB 8, which was signed by the Governor shortly after the Department filed its opening brief with the Court. Mot. App. A.[2] Section 13 of SB 8 creates Chapter 697 of the Texas Health and Safety Code, titled Disposition of Embryonic and Fetal Tissue Remains. Mot. App. A.14-17. The purpose of the chapter—just like the purpose of the Department's rules at issue in this appeal—is to "express the state's profound respect for the life of the unborn by providing for a dignified disposition of embryonic and fetal tissue remains." Mot. App. A.14 (Tex. Health & Safety Code § 697.001).

SB 8 declares that embryonic and fetal tissue is not pathological waste and provides for four methods by which healthcare facilities may dispose of fetal tissue:

(1) interment;

---

[2] References to SB 8 will be to the version attached to plaintiffs' motion to dismiss as Appendix A.

(2) cremation;

(3) incineration followed by interment; or

(4) steam disinfection followed by interment.

Mot. App. A.15 (Tex. Health & Safety Code § 697.004(a)). SB 8 also states that the ashes from any incineration or cremation of embryonic or fetal remains may be scattered in the same manner as the ashes from human remains, but may not be placed in a landfill. Mot. App. A.15-16 (Tex. Health & Safety Code § 697.004(b)).

To assist healthcare facilities with compliance, SB 8 authorizes the creation of a registry of funeral homes and cemeteries willing to provide free or low-cost burials, as well as non-profit organizations that will provide financial assistance with burials. Mot. App. A.16-17 (Tex. Health & Safety Code § 697.005). SB 8 also requires the Department to create a grant program that will "use[] private donations to provide financial assistance for the costs associated with disposing of embryonic and fetal tissue remains." Mot. App. A.17 (Tex. Health & Safety Code § 697.006). SB 8 further provides that the Executive Commissioner of the Health and Human Services Commission shall adopt rules necessary to implement the chapter. Mot. App. A.17 (Tex. Health & Safety Code § 697.009).

SB 8 creates different effective dates for different requirements related to the disposition of embryonic and fetal tissue:

- By October 1, 2017, the Department must set up the grant program, provided for in SB 8. The Department must begin making awards under the grant program no later than February 1, 2018. Mot. App. A.23.

- By December 1, 2017, the Executive Commissioner of HHSC must adopt rules necessary to implement Chapter 697. Mot. App. A.22.

- Chapter 697 "applies only to the disposition of embryonic and fetal tissue remains that occurs on or after February 1, 2018.  The disposition of embryonic and fetal tissue remains that occurs before February 1, 2018, is governed by the law in effect immediately before the effective date of this Act, and the former law is continued in effect for that purpose." Mot. App. A.24.

## Argument in Opposition to Motion to Dismiss

### I.  The Court Cannot Dismiss the Department's Appeal on the Grounds That It Might Become Moot in Seven Months.

There is currently a live controversy between the parties on the challenged Department rules regarding the respectful disposition of fetal remains, as plaintiffs concede. Mot. at 11. The motion to dismiss the appeal can be denied on this basis alone.

The Department's appeal arises under 28 U.S.C. § 1292(a), which "provides for an appeal as a matter of right from a number of specified types of interlocutory orders—in particular, interlocutory orders granting or denying injunctions." *Tidewater Oil Co. v. United States*, 409 U.S. 151, 167 (1972). Consequently, the Court cannot dismiss the Department's appeal for any discretionary reason, such as conservation of judicial resources, but can dismiss it only if there is a jurisdictional defect.

Plaintiffs concede that this appeal is not moot, Mot. at 11, and have not identified any precedent that would allow a court of appeals to dismiss an appeal of right because the case might become moot in the future. This Court has previously rejected a similar request.

In *Texas Medical Providers Performing Abortion Services v. Lakey*, the plaintiffs asked this Court to stay appellate review of a preliminary injunction because the district court would soon enter an order on summary judgment mooting the appeal. 667 F.3d 570, 573 (5th Cir. 2012). The Court declined to do so. *Id.* The Court reasoned that its "ruling will offer guidance to the district court, which is particularly important given [the Court's] different view of the case." *Id.* The Court also determined that the unresolved issues were of secondary importance and that appellees had not asserted that the relevant fact issues were insufficiently developed. *Id.*

That same reasoning applies here. There are significant issues on which this Court can give guidance to the district court—on issues that will continue to be litigated by the parties both now and after SB 8 takes effect. *See supra* 3-4 (district court's legal conclusions regarding the constitutional test to be applied and whether requiring burial or cremation of fetal tissue furthers the State's interest in respecting the life of the unborn). In fact, resolution of those controlling legal questions is primarily why the district court chose to stay the underlying trial proceedings pending appeal in this case. ROA.714-15. Although plaintiffs' motion identifies a number of subsidiary issues on which the underlying facts may change after SB 8 takes effect, the bulk of this appeal is concerned with larger constitutional questions that form the basis of the current controversy and will continue to be litigated by the parties after

SB 8 takes effect.[3] *See* Appellant's Br. at 15-25 (filed May 30, 2017). Moreover, this is an appeal only of a preliminary injunction. The parties will have the opportunity to return to the district court to more fully develop the record at trial once the correct constitutional standards are established.

The Court must review the law that exists at the time it decides this appeal. *Fusari v. Steinberg*, 419 U.S. 379, 387 (1975); *Diffenderfer v. Cent. Baptist Church*, 404 U.S. 412, 414 (1972) (per curiam). Right now, and until February 2018, the existing law in Texas on the disposition of fetal remains is controlled by the challenged Department rules, not SB 8. Thus, remanding the case would result only in delay as the parties wait for the Executive Commissioner to propose and adopt new rules that would not take effect until February 1, 2018.

Plaintiffs' lengthy string cite does not support their position that dismissal is appropriate. Mot. at 11-13. In the cases cited by plaintiffs, the new law had taken effect *before* the court's ruling, meaning that any decision had to be based on the new law that had already taken effect and, potentially, new facts. *See, e.g.*, *Fusari*, 419 U.S. at 386-87 (became effective six months prior to the Supreme Court's decision); *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (the challenged orders had already been superseded by the new law); *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 822 (6th Cir. 2012) (the changes to the law were in effect six months before the court's decision); *Smithfield Foods, Inc. v. Miller*,

---

[3] Plaintiffs offer a description of the facts from the preliminary injunction hearing. Mot. at 3-8. The Department disagrees with plaintiffs' characterizations, but will save its response to those points for merits briefing in this appeal.

367 F.3d 1061, 1065-66 (8th Cir. 2004) (considering a 2003 amendment in a case that was not decided until 2004); *Bullfrog Films, Inc. v. Wick*, 959 F.2d 778, 781 (9th Cir. 1992) (law that superseded rules had already taken effect).

In *Gomez v. Illinois State Board of Education*, cited by plaintiffs, the court of appeals actually declined to hold that an appeal was moot in light of regulations that had been proposed but had not been finalized. 811 F.2d 1030, 1044 (7th Cir. 1987). Because the court was already remanding the case, it assumed that the district court would consider the effect of any new regulations. *Id.*[4] Likewise, in *Finberg v. Sullivan*, the court of appeals refused to dismiss the appeal as moot in light of new law because the court had already made its decision. 658 F.2d 93, 99 (3d Cir. 1980).

Plaintiffs single out *Bullfrog Films*, as it also concerned rules that had been superseded by statute. 959 F.2d at 781. But, again, the statute had already taken effect; thus, any decision would have to take the new law into consideration. *Id.* at 779 (noting law was signed on October 28, 1991); *see also Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991) (stating that a law takes effect on the day of its enactment, absent clear direction by Congress). Here, any decision by this Court before February 1, 2018 will not have to take SB 8 into consideration.

---

[4] Plaintiffs incorrectly characterize this decision as reversing a district court's finding of mootness on the basis of proposed regulations. Mot. at 12-13. The court's decision to reverse and remand had nothing to do with the proposed regulations. *Gomez*, 811 F.2d at 1042-43 (holding that district court erred in dismissing complaint for failing to state a claim).

The Department has the right to seek reversal of the district court's preliminary-injunction order. As the Court has recognized, the State suffers harm when its laws are enjoined. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) ("When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws."); *see also Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers). Denying the Department's right to appeal an adverse judgment places the plaintiffs' interests in challenging the law over the Department's interests in defending it.

In short, plaintiffs wish to enjoy the benefits of the district court's preliminary-injunction order without having to defend it in this Court. They have not identified any precedent that would allow them to do so. The Court should deny their motion to dismiss.

## II. This Appeal Is Not Moot and May Never Become Moot.

Plaintiffs have not argued that this appeal is actually moot. If it were, the Court should order the district court to vacate its injunction and dismiss the lawsuit—a remedy plaintiffs would certainly oppose. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). Instead, plaintiffs assert that their current claims could possibly become moot after SB 8 takes effect, so the Court should not spend any appellate resources deciding this appeal. Mot. at 11, 17-18.

But it is far from certain that plaintiffs' current claims will actually become moot after SB 8 takes effect. To make that determination, the Court must consider the significance of SB 8's changes and whether new facts and evidence are necessary to

decide the legal questions. *See, e.g.*, *City of Pontiac*, 751 F.3d at 430 ("Where a legislative enactment forming the basis of a live case or controversy is superseded by a legislative enactment that has not changed substantially from the initial one, the federal courts retain jurisdiction."). As it currently stands, though, SB 8 authorizes the same methods of disposition for fetal tissue that the revised rules do (interment, cremation, incineration followed by interment, and steam infection followed by interment). Mot. App. A.15; ROA.1186-87, 1192. Thus, the bulk of the legal dispute between the parties will not change.

Until the Executive Commissioner completes his rule-making process in December, neither the courts nor the parties can know exactly what the scope of the differences between the revised rules and SB 8 will be. Mot. at 14 (recognizing that "[n]one of the parties can now be certain what the new rules will say"). And given that SB 8 codified into statute the same methods for the respectful disposition of fetal remains contained in the challenged Department rules, the new rules may very well retain the main provisions of the existing rules.

This appeal is not moot and may never become moot. To dismiss it based on speculation about what might happen months from now is improper and unsupported by the law. The Court should deny plaintiffs' motion and reinstate the briefing schedule that was stayed pending a ruling on plaintiffs' motion.

## III. Resolution of This Appeal, Not Dismissal, Will Conserve Judicial Resources.

Contrary to plaintiffs' position, a decision in this appeal will actually further this lawsuit and conserve judicial resources. As described above, there are several significant legal issues in this case that will continue to be litigated by the parties even after SB 8 takes effect. The parties will still disagree over (1) the correct constitutional test to apply, (2) whether the treatment of fetal remains required by law actually furthers the State's interest in respecting unborn life, and (3) whose burden it is to prove or disprove the existence of a substantial obstacle to abortion access. Answers to these questions are fundamental to the analysis and types of evidence that will be needed to determine the constitutionality of the challenged existing rules, SB 8, and any new rules. *See* ROA.715 (district court agreeing that staying litigation during this appeal will conserve judicial resources). Plaintiffs' suggestion that the Court put off deciding those issues until the parties have completed another preliminary-injunction hearing or trial (potentially under the wrong legal standard) will not conserve anyone's resources.[5]

## CROSS-MOTION FOR EXPEDITED ORAL ARGUMENT

For the reasons described above, a ruling from the Court on this appeal will actually further the litigation in this case. In order to ensure that the Court has sufficient time to rule on these important constitutional questions, the Court should set

---

[5] Plaintiffs' assertion that a reversal in this case would cause significant disruption in the healthcare industry is without support. Mot. at 17 n.5. Because the revised rules and SB 8 contain fundamental similarities, compliance with the revised rules will likely qualify as compliance with SB 8, causing little disruption.

this case for oral argument as early as possible. This, in turn, would give this Court the opportunity to rule on this appeal before SB 8's fetal-remains-disposition regulations take effect on February 1, 2018. The Department, therefore, moves to expedite oral argument and asks that the case be set for argument the first month after briefing on the merits is complete. Plaintiffs oppose this request.

## Conclusion

The Court should deny Appellees' motion to dismiss the appeal and reinstate the briefing schedule. The Court should grant the Department's motion to expedite oral argument and order that argument be set the first month after briefing is complete.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

/s/ Scott A. Keller
Scott A. Keller
Solicitor General
scott.keller@oag.texas.gov

Jeffrey C. Mateer
First Assistant Attorney General

Beth Klusmann
Assistant Solicitor General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Counsel for Defendant-Appellant

## Certificate of Conference

I certify that counsel for Appellant contacted David Brown, counsel for Appellees, regarding the cross-motion to expedite oral argument. He advised that Appellees are opposed to the cross-motion and will file a response.

/s/ Scott A. Keller
Scott A. Keller

## CERTIFICATE OF SERVICE

On June 15, 2017, this response and cross-motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Scott A. Keller
SCOTT A. KELLER

## CERTIFICATE OF COMPLIANCE

This response and cross-motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains fewer than 5200 words; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Scott A. Keller
SCOTT A. KELLER